JUAN PEDROSA, peticionario, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. C. LLAUGER DÍAZ, JUEZ, demandada.

Núm. 1175.—*Sometido:* Junio 12, 1939. *Resuelto:* Diciembre 19, 1939.

*Dubón & Ochoteco,* abogados del peticionario; *Leopoldo Felíu, Celestino Iriarte y F. Fernández Cuyar,* abogados de la interventora, demandante en el pleito principal.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

El presente es un recurso de *certiorari* que envuelve la interpretación y aplicación de la Ley para asegurar la efectividad de sentencias aprobada el primero de marzo de 1902. Código de Enjuiciamiento Civil, ed. 1933, pág. 96.

Las Monjas Racing Corporation, una corporación organizada de acuerdo con las leyes de la Isla, demandó en la Corte de Distrito de San Juan a varias personas en reclamación de sesenta y cinco mil dólares por daños y perjuicios y pidió a la corte que decretara el aseguramiento de la sentencia que pudiera dictarse, en los siguientes términos:

"1.—Que ha radicado en la Secretaría de esta Corte de Distrito una demanda en el presente caso sobre cobro de dinero, en la cual reclama la suma de $65,000.00, como daños y perjuicios sufridos por la demandante con motivo de varios autos de *injunction* expedidos a solicitud de los demandados quienes resultaron no tener derecho a tales órdenes.

"2.—Que toda vez que se demanda en juicio el cumplimiento de una obligación de pagar a la demandante una suma de dinero, interesa dicha demandante obtener una orden de esta Honorable Corte, de acuerdo con la Ley para asegurar la efectividad de sentencias de

marzo 1 de 1902, autorizando y decretando el embargo de bienes de los demandados en aseguramiento de la efectividad de la sentencia que haya de dictarse en el presente caso, y de prosperar la acción ejercitada.

"3.—Interesa la demandante se trabe embargo solamente hasta la suma de $5,000 sobre bienes bastantes de los demandados para responder hasta esa suma de la cantidad reclamada de $65,000, y al efecto ofrece prestar fianza en la suma que tenga a bien fijar esta Hon. Corte para decretar el embargo aludido."

El aseguramiento fué en efecto decretado, así:

"Vista la anterior moción y examinadas las alegaciones en ella contenidas, así como la Ley de marzo 1°. de 1902 para asegurar la efectividad de sentencias, la Corte declara con lugar dicha moción y en su consecuencia ordena que previa la prestación de una fianza por la demandante por la suma de $5,000, y luego de ser aprobada dicha fianza por esta Hon. Corte, expida el Secretario mandamiento al Márshal para que éste embargue, como por la presente se le ordena embargar, bienes suficientes de los demandados Fausto Arandes, Francisco Grovas, Deogracias Viera, Jorge Romany o Juan Pedrosa para responder de la suma de $5,000."

Prestada por la demandante la fianza exigídale, el Márshal embargó bienes de uno de los demandados, Pedrosa, consistentes en caballos de carrera, valorados en cinco mil dólares, y a virtud de otra fianza por cinco mil dólares prestada por Pedrosa, quedaron en él depositados dichos bienes. Luego se amplió el embargo en cuatrocientos dólares, mediante fianza por igual suma.

Así las cosas, compareció el demandado Pedrosa y pidió a la corte que decretara el levantamiento del embargo de acuerdo con el artículo 15 de la Ley sobre aseguramiento, previa prestación de fianza por el valor de los bienes embargados. Se opuso la demandante y tras largas y repetidas discusiones e incidentes, incluso otro recurso de *certiorari,* se dictó por el juez de distrito una resolución que, copiada en lo pertinente, dice:

"Los caballos embargados fueron entregados al compareciente Pedrosa mediante la prestación de una fianza de $5,000. Esta fianza

está en vigor. Lo cierto es que esta fianza es por igual cantidad que la que ha prestado la demandante para asegurar la efectividad de la sentencia. El embargo que se pidió fué simplemente hasta la suma de $5,000. No hay duda alguna que el tribunal tuvo en mente esta petición para señalar la fianza. De todas suertes, las partes discuten extensamente el alcance del artículo 15 de la Ley sobre aseguramiento de la efectividad de sentencias y citan abundante jurisprudencia, pero no he encontrado ninguna que como en este caso se preste una fianza para asegurar solamente una suma menor a la reclamada al demandado. Es alrededor de este punto que las partes insisten grandemente en su memoranda; pero, a mi juicio, el Tribunal Supremo de Puerto Rico, por la autorizada voz de su juez, Sr. Hutchison, ya ha resuelto la cuestión cuando al sostener la resolución de 17 de enero de 1939, en la que el juez, Sr. Torres Pérez, dice: 'el demandado viene obligado a afianzar la cantidad que se le reclama, o sea $30,000,' dice lo siguiente: 'el error, de haberlo, en la resolución de enero 17 al efecto de que Pedrosa no podía obtener el levantamiento del embargo mediante la radicación de una fianza de $5,000 sino que para lograrlo era menester que prestara una fianza de $30,000, más una suma razonable para garantizar las costas, desembolsos y honorarios de abogado, no fué perjudicial a la peticionaria.'

"Esta resolución, correcta o incorrecta, estaba sustancialmente de acuerdo con la propia teoría de la peticionaria sobre el espíritu y alcance de la sección 15. Convengo con el compareciente, Sr. Pedrosa, que esta interpretación es un tanto dura para el demandado compareciente; pero yo no me voy a meter a calificar la ley, ya que la misión del juzgador es interpretar la ley tal como ella aparece escrita y tal como ha sido interpretada, o por lo menos se deduce su interpretación de la opinión del Tribunal Supremo a que antes hago referencia. Entendemos que la solicitud que hace el demandado compareciente, Sr. Pedrosa, ya fué resuelta por este tribunal, y sobre tal resolución pasó el Tribunal Supremo y no debemos perturbar este estado de hecho y de derecho creado en virtud de tal resolución."

Fué entonces que el demandado Pedrosa interpuso el presente recurso de *certiorari* en el que, como dijimos al principio, está envuelta la interpretación y aplicación de la Ley sobre aseguramiento de sentencias de 1902 y dentro del cual han sido oídas las partes interesadas.

Prescribe el artículo 15 de dicha Ley—Código de Enjuiciamiento Civil, ed. 1933, pág. 100—invocado por el peticionario, que:

"El pago, consignación o afianzamiento de las sumas reclamadas al demandado, suspenderá el embargo decretado para seguridad de dichas sumas, o dejará sin efecto el embargo ya practicado."

Y se entendió por el juez de distrito dando a la opinión de esta corte en *Las Monjas Racing Corp.* v.. *Corte,* 54 D.P.R. 406, un alcance decisivo en ese extremo que no tiene, y se insiste por la interventora que ese artículo exige para que pueda levantarse el embargo en todos los casos y por consiguiente en éste, que el pago, la consignación o el afianzamiento lo sean *de las sumas reclamadas al demandado,* y que como aquí la suma reclamada al demandado Pedrosa dentro de la general de sesenta y cinco mil dólares, era la de treinta mil, resultaba insuficiente una fianza de cinco mil para dejar sin efecto el embargo.

De acuerdo con la letra de la ley parece clara esa conclusión. Aplicada a este caso concreto operaría como sigue: para levantar un embargo de bienes por valor de cinco mil cuatrocientos dólares, se necesita pagar, depositar o afianzar treinta mil o sea una suma más de cinco veces mayor que la embargada.

Tal conclusión es injusta, absurda. Sin embargo, nos veríamos obligados a aceptarla por ser la ley si un estudio más detenido de todas las disposiciones del estatuto especial de que se trata no nos permitiera armonizar lo ordenado por el legislador en el artículo 15 con lo que ocurre en este caso concreto.

Dispone el artículo 2 de la expresada ley:

"Artículo 2.—El aseguramiento de la sentencia se ajustará a las reglas siguientes:

"(a) Si la obligación reclamada fuere de dar cosa determinada poseída por el demandado o por un tercero a su nombre, se prohibirá al demandado, o al tercero en su caso, la enajenación o gravamen de la cosa reclamada, hasta la resolución del pleito.

"(*b*) Si la obligación fuere de pagar una suma de dinero, el aseguramiento consistirá en el embargo de bienes bastantes del deudor para responder de las sumas reclamadas.

"(*c*) Si la obligación fuere de hacer, se embargará al obligado la suma necesaria para ejecutar la obra no hecha o realizada en contravención a lo pactado.

"(*d*) Si la obligación reclamada fuere de no hacer, el aseguramiento consistirá en prohibir al demandado que haga o continúe haciendo lo que trate de prohibirse con la demanda, apercibido de ser castigado por .desacato o desobediencia y en el embargo de la suma necesaria para indemnizar por lo que se haga en contra del derecho del demandado.

"(*g*) En los casos precedentes, si se reclamaren daños y perjuicios, el aseguramiento podrá comprender, además, el embargo de bienes del demandado, en cantidad bastante a responder de los daños y perjuicios reclamados.

"(*h*) En lo no previsto en las reglas precedentes, el Tribunal discrecional y equitativamente adoptará las medidas procedentes para asegurar la efectividad de la sentencia."

Y si recordamos la petición de aseguramiento de la interventora, en la que se dice "que toda vez que se reclama en juicio el cumplimiento de una obligación de pagar a la demandante una suma de dinero", concluiremos que la invocada por ella y la que está en efecto en armonía con la naturaleza de la acción ejercitada, es la letra (*b*) del artículo copiado.

También habla ese apartado de la ley como habla el artículo 15 de la misma "de las sumas reclamadas." Y es lo propio que así sea porque parece natural que se pida el aseguramiento de la totalidad de la reclamación.

Empero, en este caso concreto, no se pidió el aseguramiento de los sesenta y cinco mil dólares reclamados ni aún de los treinta mil comprendidos en ellos y de los cuales se hacía responsable a Pedrosa, lo que hubiera exigido por parte de la reclamante la prestación de una fianza mayor, si que expresamente se limitó por ella la petición de aseguramiento a una cantidad menor en relación con la cual fué que la fianza fué fijada por la corte y prestada por la demandante.

A nuestro juicio la petición pudo hacerse en esa forma porque lo menos está comprendido en lo más, pero creemos que habiéndose limitado la suma, esa limitación debe servir de pauta y regir a los efectos de la aplicación de todos los otros preceptos de la ley especial sobre la materia que es en sí una integridad. Si para fijar la fianza que permitió el embargo de acuerdo con la letra (b) del artículo 2, lo menos comprendido en lo más fué lo que se tuvo en cuenta, para levantar dicho embargo, aplicando el artículo 15, lo menos comprendido en lo más es lo que debe tomarse en consideración. Las sumas reclamadas de que hablan los artículos 2, párrafo (b) y 15 de la ley, debe entenderse que son, pues, las sumas cuyo aseguramiento se pide por el propio demandante que es el que tiene el control de su caso.

Interpretada de ese modo la ley a fin de aplicarla a las circunstancias concurrentes en el caso concreto sometido a la decisión judicial, resulta lógica, equitativa, justa.

Parece conveniente, por último, que nos refiramos a lo prescrito en el apartado (h) del repetido artículo 2 de la ley, a saber: "(h) En lo no previsto en las reglas precedentes, el tribunal discrecional y equitativamente adoptará las medidas procedentes para asegurar la efectividad de la sentencia", porque ello revela que dándose cuenta el legislador de lo complicado de la materia y de las diversas situaciones que en la práctica pudieran surgir, encomendó a la discreción y a la equidad de los tribunales la adopción de cualesquiera otras medidas que fueren procedentes para que el propósito de la ley se cumpliera.

Si bien ese artículo se refiere a las medidas de aseguramiento a decretar, no puede perderse de vista que quien tiene la facultad de decretar y también la de seguir hasta el fin la ejecución del decreto—fianza, depósito, sustitución—no sólo puede si que debe ajustar las medidas posteriores a la primitiva para que resulten armónicas. Y en tal virtud si sólo parte de la suma reclamada se aseguró a instancia del reclamante, la sustitución del aseguramiento por el pago, la

consignación o el afianzamiento deberán serlo también de esa parte, interpretada la ley de manera que opere en justicia por igual para todas las partes interesadas en el litigio.

*En tal virtud procede anular la resolución de abril 27, 1939, y devolver los autos a la corte de distrito de su origen para ulteriores procedimientos no inconsistentes con los principios enunciados en esta opinión.*