ALICIA BORGES VDA. DE GALINDO, demandante y peticionaria, *v.* RAFAEL J. CANO y DESIREE ORIGINALS, INC., demandados y recurridos.

*Número:* O-78-285    *Resuelto:* 15 de enero de 1979

278

·*Max Ramírez de Arellano,* abogado de la peticionaria; *Edwin R. Bonilla Vélez,* abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR MARTÍN emitió la opinión del Tribunal.

Doña Alicia Borges viuda de Galindo, por sí, y en representación de otros dos condueños, cedió en arrendamiento a don Rafael Cano un solar y edificio radicado en el Municipio de Caguas, los cuales, según sostiene la arrendadora, fueron subarrendados a la corporación Desiree, Inc. Estando vigente el arrendamiento, el edificio fue destruido por dos incendios ocurridos en días sucesivos. La parte arrendadora en demanda instada en 23 de septiembre de 1977 alega que los incendios se debieron a la culpa o negligencia del arrendatario y del subarrendatario, razón por la que reclama de éstos compensación por los daños y perjuicios sufridos por la pérdida del edificio. En esa misma fecha solicitó, en aseguramiento de sentencia, el embargo de bienes pertenecientes a la parte demandada suficientes para resarcir sus daños que estimó en noventa mil dólares, más diez mil dólares para intereses, costas y desembolsos del pleito, incluyendo honorarios de abogado.

El mismo día el tribunal (Villares, Juez) ordenó el embargo de bienes de la parte demandada en cantidad suficiente para responder por la suma de cien mil dólares, fijando a la parte demandante una fianza de cinco mil dólares. Dicha orden de embargo incluía el pago del producto de cualquier póliza de seguros, con el resultado que la aseguradora CNA Casualty of Puerto Rico consignó la suma de $100,000 que constituía

parte del seguro correspondiente a la demandada Desiree Originals, Inc. Insatisfecha la parte demandada con la suma exigida para afianzar el embargo solicitó del tribunal, en 29 de marzo de 1978, que dejara sin efecto la orden dictada y fijara una nueva fianza no menor de cien mil dólares. Al oponerse la demandante al aumento de la fianza el tribunal (Moreda, Juez), sin celebrar vista al efecto, declaró sin lugar la petición de aumento en 11 de abril de 1978.[1] En una vista en reconsideración celebrada el 2 de junio de 1978 la sala de instancia (Santiago Matos, Juez) dejó en pie la denegatoria de aumento. No obstante, ese mismo día actuando a instancia propia, el tribunal, sin oír a la demandante, autorizó a la parte demandada a levantar el embargo que ascendía a cien mil dólares en efectivo (producto de una póliza de seguros) mediante la prestación de fianza por la parte demandada de sólo cinco mil dólares. El fundamento del tribunal según se expresa en la minuta de esa fecha es al efecto de que "el tribunal *sua sponte* rectifica su determinación anterior, ya que el demandado está dispuesto a prestar fianza de $5,000.00 para levantar el embargo." De esa medida que el tribunal tomara a instancia propia acude ante nos la demandante.

Como vemos, los hechos de este caso nos llevan a expresar nuestro criterio en torno a interesantes aspectos del mecanismo para el aseguramiento de sentencias que rige en el país. En particular nos permiten determinar qué criterios deben tomar en consideración los jueces de instancia cuando determinan la cuantía a que debe ascender la fianza que se exige a un demandante que embarga bienes del demandado para asegurar la efectividad de una futura sentencia a su favor, así como la que exigirán a un demandado que intenta levantar dicho embargo.

Mediante el embargo preventivo se afecta un cierto bien a un proceso judicial y queda ligado o trabado de tal

[1] La parte demandada no acudió en alzada ante este Tribunal para la revisión de esa determinación.

modo que no podrá desvincularse de las resultas del mismo. (²) Así se proporcionan al juez los medios necesarios para llevar a normal término una ejecución procesal, que de otra suerte podía quedar frustrada. (³) Guasp, J., *Derecho Procesal Civil*, pág. 432 *et seq.*, 2da. ed., Madrid, 1961. Queda pues manifiesta la utilidad social que tiene el embargo preventivo, tan estrechamente ligado con la efectividad de la gestión judicial sobre asuntos de carácter patrimonial, toda vez que tiene el efecto de evitar que el demandado distraiga u oculte sus bienes o la cosa que se demanda, con el objeto de burlar los derechos y reclamaciones de su acreedor. *Rev. Gen. Legis. y Juris.*, Ley de Enjuiciamiento Civil, Tomo III, pág. 507 *et seq.*, 2da. ed., Madrid, 1909.

■ Hace muchos años que en nuestra jurisdicción tenemos claras normas para regir el embargo preventivo. Ya el Título XIX de la Ley de Enjuiciamiento Civil para Cuba y Puerto Rico de 1865 (⁴) contenía una elaborada estructura a los efectos. Posteriormente, la Ley para Asegurar la Efectividad de Sentencias de 1902, parte de la cual permanece aún vigente dentro del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 1069 *et seq.*, cubrió el campo. Hoy, sin embargo, es la Regla 56.3 de Procedimiento Civil la que, de manera concisa, recoge los preceptos pertinentes quedando las disposiciones del Código de Enjuiciamiento Civil sólo como complemento de la misma.

La Regla 56.3 expresa:

"Se podrá conceder un remedio provisional sin la prestación de fianza, si apareciere de documentos públicos o privados firma-

---

(²) Puede la afección ser meramente ideal, como en la anotación preventiva de un inmueble, o puede ser material como en el apoderamiento o aprehensión de un mueble que se ocupa físicamente.

(³) En su remoto origen, el embargo preventivo trataba de prevenir contra la insolvencia del deudor sospechoso de fuga o extranjero. Gómez Orbaneja, E. y Herece Quemada, V., *Derecho Procesal Civil*, Vol. II pág. 233, Madrid, 1975.

(⁴) Editada oficialmente por la Imprenta Nacional de Madrid en 1866.

dos ante una persona autorizada para administrar juramento, que la obligación es legalmente exigible, o si se gestionara el remedio después de sentencia. En todos los demás casos, el tribunal exigirá la prestación de una fianza suficiente para responder por todos los daños y perjuicios que se causen al demandado como consecuencia del aseguramiento. *Un demandado o querellado podrá, sin embargo, retener la posesión de bienes muebles embargados por un demandante o reclamante, prestando una fianza por tal suma que el tribunal estime suficiente para responder por el valor de dicha propiedad.* El afianzamiento por el demandado de la suma embargada, dejará sin efecto el embargo." (Énfasis suplido.) 32 L.P.R.A. Ap. II, R. 56.3.

La disposición citada contempla dos situaciones: (1) la solicitud de embargo por el demandante y (2) el levantamiento del embargo por el demandado. La primera situación requiere que el demandante embargante preste una fianza suficiente para enjugar los daños y perjuicios que pueda sufrir el demandado como consecuencia del embargo. Al fijar la fianza para el embargo, el tribunal debe ponderar una serie de factores, entre los cuales pueden sugerirse los siguientes: cuán fundamental es la utilidad que el bien a embargarse sirve al demandado; la solidez de los fundamentos que prima facie sostienen la reclamación del demandante; y si el aseguramiento solicitado es el menos oneroso para garantizar la efectividad de la sentencia que pueda recaer.[5] Todo esto atendiendo el mandato de la Regla 56.3 de estimar los posibles daños que se causarían al demandado y a la exigencia de la Regla 56.1 en cuanto prescribe que se dé consideración a los intereses de todas las partes según lo requiera la justicia sustancial. Mantenemos así un principio antiguo en esta jurisdicción, cual es, que se garanticen los derechos del reclamante de la manera menos gravosa para el demandado. *Paz*

---

[5] Varias son las modalidades que puede adoptar el aseguramiento. Según hemos señalado anteriormente un tribunal tiene flexibilidad para dictar las medidas que estime convenientes, según la circunstancia del caso, para asegurar la efectividad de una sentencia futura. *F. D. Rich Co.* v. *Tribunal Superior,* 99 D.P.R. 158 (1970).

v. *Bonet*, 31 D.P.R. 68 (1922) ; véase Ley de 1ro. de marzo de 1902, 32 L.P.R.A. sec. 1072. ([6])

■■■ Ahora bien, ya ordenado el embargo, ([7]) luego de atender los criterios expuestos, la Regla 56.3 provee una medida distinta para la fijación de fianza para el levantamiento del embargo trabado. La intervención del juzgador queda esta vez limitada a estimar la fianza ofrecida por el demandado y determinar si es suficiente para responder por el valor de los bienes que se intentan liberar. Esto es así porque la fianza que presta el demandado sólo tiene el efecto de sustituir los bienes embargados y no el de menoscabar la garantía para responder de la efectividad de la sentencia que pueda recaer a favor del demandante. Es evidente entonces que ninguna relación han de guardar, por cuanto obedecen a distintos propósitos, la fianza que una vez prestó el demandante y la que luego, para liberar el embargo ha de prestar el demandado. ([8])

A tenor con la doctrina expuesta, forzoso es concluir que cometió error la sala de instancia cuando, sin escuchar al de-

---

([6]) Ya en *Domínguez Talavera* v. *Tribunal Superior*, 102 D.P.R. 423, 425 (1974), expresamos nuestro criterio en torno a las interrogantes que con relación a la constitucionalidad de nuestra R. 56.3 hayan podido levantar las decisiones del Tribunal Supremo estadounidense en *Fuentes* v. *Shevin*, 407 U.S. 67 (1972) y su secuela.

([7]) La Ley de Enjuiciamiento Civil de 1865 que rigió en Puerto Rico, permitía que se decretara el embargo de bienes previo a la radicación de demanda siempre y cuando se radicara la misma dentro de 20 días de decretarse dicho embargo. Art. 939. Todavía hoy la Ley de Enjuiciamiento Civil española contiene en su Art. 1,411, similar disposición siempre que el embargo no exceda de 50,000 pesetas y la demanda se radique dentro de 20 días. Nuestra Ley, sin embargo, no permite se declare embargo alguno sin la previa radicación de una demanda. Ley para Asegurar la Efectividad de Sentencias, Art. 3, 32 L.P.R.A. sec. 1071.

([8]) Atendido el principio general de que "el tribunal considerará los intereses de todas las partes" según requiera la justicia sustancial, cabe señalar que si durante el transcurso del procedimiento el demandado puede demostrar que las probabilidades de prevalecer el demandante no son las que se perfilaban inicialmente puede siempre solicitar del tribunal que, *previa audiencia del demandante*, se aumente la fianza prestada por el demandante o que se reduzca la cuantía del embargo. *West India Oil Co.* v. *Soto, Juez*, 44 D.P.R. 533, 537 (1933).

mandante, permitió que el demandado levantara el embargo trabádole, requiriéndole exclusivamente la prestación de una fianza igual a la que se le exigió al demandante. Su actuación equivale a reducir a $5,000 el embargo de $100,000 que fuera debidamente afianzado por el demandante. Al así actuar, el tribunal recurrido se excedió de las facultades que le concede la Regla 56.

*Se expedirá el auto solicitado, se revocará la resolución recurrida y se procederá a tenor con los principios expuestos.*

El Juez Asociado Señor Negrón García emitió opinión concurrente y disidente.

—O—

Opinión concurrente y disidente del Juez Asociado Señor Negrón García.

San Juan, Puerto Rico, a 15 de enero de 1979

No cuestiono los pronunciamientos esbozados por el Tribunal en torno a la mecánica y criterios vigentes para la imposición de fianza bajo la Regla 56.3 de Procedimiento Civil.

Sin embargo, no cabe en mi conciencia judicial sostener como razonable el embargo de $100,000.00 con una simple fianza de $5,000.00 y negar su levantamiento con igual cantidad. La desproporción es evidente y carece de todo balance.

El espíritu y criterio rector que informa la Regla 56 de las de Procedimiento Civil vigentes—sea en la fijación inicial de fianza para garantizar la efectividad de una sentencia, como aquella para levantar un embargo trabado—es el de considerar los "intereses de todas las partes . . . según lo requiera la justicia sustancial." La diversidad de posibles situaciones exige flexibilidad, por ello el monto de las cuantías no son susceptibles de reducirse a unas fórmulas matemáticas prefijadas. Su adecuacidad dependerá de la naturaleza de la causa de acción, carácter del objeto embargado, su valor, frutos que

genera, y otros extremos relevantes imposibles de enumerar exhaustivamente.

En *Pedrosa* v. *Corte,* 55 D.P.R. 777, 780 (1939), rechazamos la tesis de que el levantamiento de un embargo preventivo, conlleva el pago, consignación o el afianzamiento de las sumas reclamadas por un demandante, concluyendo que sería una solución "injusta y absurda" el que para levantar un embargo de bienes por valor de $5,400.00 hubiera que pagar, depositar o afianzar $30,000.00, ". . . o sea una suma más de cinco veces mayor que la embargada." A mi juicio, la esencia del *ratio decidendi* de dicho caso subsiste y rige al de autos en que mediante la prestación de una fianza en metálico limitada a $5,000.00 se obtiene la consignación ante el tribunal de $100,000.00 producto del importe de una póliza. Advertimos que la naturaleza de la suma prestada básicamente es idéntica al valor embargado.

Ante estas circunstancias particulares, no puedo suscribir la teoría de que la fianza de $5,000.00 exigídale a los demandados recurridos para levantar el embargo de los $100,000 era insuficiente cuando ellos originalmente lograron dicho embargo con igual cantidad.