# 99 DTA 113

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL IV, AGUADILLA Y MAYAGUEZ
PANEL I**

CARLOS R. BENITEZ LOPEZ
Recurrido

v.

JAIME MACHADO ROMAN
Recurrente

Núm. KLCE-99-00164

San Juan, Puerto Rico, a 17 de marzo de 1999

Panel integrado por su Presidenta, la Juez López Vilanova,
el Juez Córdova Arone y la Juez Feliciano Acevedo

López Vilanova, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

El 2 de marzo de 1999, se presentó ante este Tribunal el recurso de epígrafe acompañado de una solicitud de

paralización de los procedimientos. Se recurre del dictamen emitido por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (Hon. Héctor Jaime Conty Pérez, J.) que le ordenó al recurrente Jaime Machado Román le permitiera al recurrido Carlos R. Benítez construir un pozo en la finca que le arrendó este último a Machado Román. Entendió dicho foro que ello procedía, de conformidad con las cláusulas del contrato firmado por las partes y lo dispuesto en la Regla 56.1 de las de Procedimiento Civil.

Examinado el escrito del recurrente, el contrato en controversia, la demanda que pende ante el foro recurrido, a la luz del derecho invocado, el día 3 de marzo de 1999, emitimos orden de mostrar causa al recurrido por la cual no deberíamos revocar el dictamen en controversia.

En auxilio de nuestra función revisora, paralizamos la continuación de los procedimientos ante el foro recurrido.

El recurrido Carlos R. Benítez compareció en el término concedido. En su comparecencia, nos informa, entre otros, que *"se allana a la petición de certiorari".*

Resolvemos conforme intimado. Revocamos.

## I

El 11 de abril de 1996, María L. Toledo Fernández y Carlos R. Benítez López otorgaron junto a Machado Román un contrato de arrendamiento. En virtud del mismo, aquéllos cedieron a éste por el término de diez años el uso de una finca rústica para el cultivo exclusivo de pastos. El 19 de junio de 1998, los arrendadores instaron ante el Tribunal de Primera Instancia, Sala Superior de Aguadilla, una acción de daños y perjuicios y otra de desahucio contra el arrendatario. Estas acciones fueron consolidadas. En síntesis, los allí demandantes sostienen que el aquí recurrente Machado Román incumplió con tomar las medidas necesarias para preservar la integridad del inmueble, lo cual ha ocasionado daños a la propiedad ascendientes a $1,000,000.00, por lo que interesan recobrar el control sobre la misma.

Oportunamente, Machado Román presentó las correspondientes alegaciones responsivas, en las que negó el supuesto incumplimiento del contrato. Además, reconvino por daños y perjuicios. Alegó que la presentación injusta y calumniosa de las demandas antes mencionadas le provocaron graves sufrimientos y angustias mentales que afectaron tanto su vida familiar como el desempeño de su trabajo, por lo que ha tenido que recibir tratamiento siquiátrico.

Luego de varios trámites procesales, los demandantes aquí recurridos presentaron *"Moción al Amparo de la Regla 56 de las de Procedimiento Civil"*. En la misma alegaron que el Departamento de Agricultura había aprobado la construcción de un pozo en la propiedad arrendada a un costo ascendente a $168,000.00, de los cuales la referida agencia aportaría $151,200.00 y que el aquí recurrente no ha permitido su construcción. Por ello, solicitaron al tribunal que, a tenor con las disposiciones de la regla antes mencionada, dictara una orden requiriendo al demandado permitir la construcción del aludido pozo.

El 16 de febrero de 1999, el foro recurrido ordenó conforme se le solicitó.

Inconforme, Machado acude ante nos, mediante el recurso que nos ocupa. En el mismo imputa, como fundamentos de revocación, que erró el foro inferior al emitir una orden, al amparo de la Regla 56 de Procedimiento Civil, 32 L.P.R.A. Ap. III, permitiendo la construcción del referido pozo, y al concluir que en virtud del contrato de arrendamiento suscrito entre las partes está obligado a autorizar la construcción del mismo. Tiene razón. Exponemos porqué.

## II

Bajo el título de *"Remedios provisionales"* la Regla 56 de Procedimiento Civil, *supra*, recoge los mecanismos de aseguramiento de sentencia reconocidos en nuestro ordenamiento procesal. Como señala el Dr. Cuevas Segarra, ▪ por su origen esta regla *"... puede interpretarse en el sentido de que pretende obtener previamente los efectos de la sentencia que aún no se ha dictado. Es decir, las medidas provisionales hasta cierto punto pueden anticipar el efecto de una sentencia."* J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, **Publicaciones J.T.S.**, Vol. II, 1979, pág. 328. Obviamente, con su utilización se interesa salvaguardar los remedios que la parte promovente intenta obtener a través de la acción incoada. Con ello, se intenta garantizar que, de salir victoriosa, la parte actora tendrá una sentencia que puede ejecutar o realizar.

Al amparo de las disposiciones de esta regla, los tribunales están facultados para, en o antes de dictar sentencia y previa petición de parte, emitir las órdenes que sean necesarias para asegurar la efectividad de la sentencia obtenida o de aquélla que en su día pudiera obtenerse. Con tales fines, los tribunales podrán *"...conceder el embargo, el embargo de bienes en posesión de un tercero, la prohibición de enajenar, la reclamación y entrega de bienes, la sindicatura, una orden para hacer o desistir de hacer cualesquiera actos específicos, o podrá ordenar cualquiera otra medida que estime apropiada, según las circunstancias del caso."* Regla 56.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Al respecto, se ha señalado que esta regla es *"... fecunda en su provisión de remedios para asegurar la efectividad de la sentencia que no restringe a los convencionales y por el contrario se extiende sin enumeración a cualquier otra medida que [el tribunal] estime apropiada, según las circunstancias del caso."'* *Pizá Blondet v. Tribunal Superior*, 103 D.P.R. 466, 469 (1975), citando *a Suárez Martínez v. Tribunal Superior*, 85 D.P.R. 544, 549 (1962). Véase, además, *F.D. Rich Co. v. Tribunal Superior*, 99 D.P.R. 158, 176-177 (1970).

Ahora bien, a pesar de que esta regla les confiere discreción para conceder los remedios que estimen necesarios para asegurar la efectividad de una sentencia, debido a las graves consecuencias económicas que las mismas pueden conllevar para la parte contra quien se dicten, los tribunales deberán ser sumamente cuidadosos en su concesión. Estos deberán sopesar los intereses de las partes, disponiendo aquello que a la luz de las circunstancias del caso sea más justo. La medida o remedio concedido debe ser razonable y adecuado a las circunstancias del caso. Id. Los tribunales velarán por garantizar *"... los derechos del reclamante de la manera menos gravosa para el demandado."* *Vda. de Galindo v. Cano*, 108 D.P.R. 277, 282 (1979). Así, aun cuando tales medidas interesan garantizar los remedios solicitados por el demandante, no podrán concederse remedios que opriman o impongan dificultades necesarias al demandado. *Alum Torres v. Campos del Toro*, 89 D.P.R. 305, 322 (1963). A tenor con ello, la jurisprudencia ha señalado que al conceder un remedio provisional los tribunales deberán asegurarse de: *"(1) que sean provisionales; (2) que tengan el propósito de asegurar la efectividad de la sentencia que en su día se pueda dictar; y (3) que se tomen en consideración los intereses de todas las partes, según lo requiera la justicia sustancial y las circunstancias del caso."* *Freeman v. Tribunal Superior*, 92 D.P.R. 1, 25 (1965).

Con el marco doctrinal previamente reseñado, resulta evidente que el tribunal recurrido incidió al emitir la orden. Esta no cumple con los requisitos de un remedio provisional. Mediante las acciones incoadas, los demandantes interesan obtener el control de la propiedad arrendada, así como una indemnización por los daños alegadamente ocasionados a ésta. Es evidente que no existe relación alguna entre la construcción del pozo en dicho inmueble y la eventual obtención de los remedios que dicha parte intenta obtener a través de estas acciones. Dicho de otra forma, la orden emitida no asegura la efectividad de la sentencia que en su día la parte demandante podría obtener.

De otra parte, resulta igualmente evidente que al emitir dicha orden el tribunal inferior no efectuó el análisis más justiciero de las circunstancias envueltas en el caso. Según surge del expediente, el Departamento de Agricultura concedió a los demandantes hasta cinco años para concluir la construcción del pozo. Al presente, tan

sólo han transcurrido seis meses, por lo cual no existe el alegado peligro inmediato de perder la aportación que dicha agencia se comprometió a hacer. En cambio, señala el aquí peticionario que la presencia en la finca de personas ajenas a la operación agrícola que en ella se realiza, puede implicar desde la interrupción de la misma hasta sanciones y multas por parte de las agencias gubernamentales concernidas. La orden resulta onerosa para el recurrente, ya que le impone dificultades y le expone a sanciones innecesarias, en comparación a las remotas pérdidas de los recurridos. Por ello, la referida orden no constituye la medida más razonable y adecuada a las circunstancias de caso.

## III

Por los fundamentos anteriormente expuestos, se revoca la resolución emitida el 16 de febrero de 1999 por el Tribunal de Primera Instancia, Sala Superior de Aguadilla. Asimismo, se deja sin efecto la orden emitida por este Tribunal el 3 de marzo de 1999, paralizando los procedimientos ante el Tribunal de Primera Instancia, de forma que los mismos puedan continuar su curso normal ante dicho foro.

Notifíquese.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIO 99 DTA 113

1. Según Cuevas Segarra *"[e]sta regla recoge las disposiciones sobre remedios provisionales contenidas en la Ley de 1ro. [sic] de marzo de 1902 sobre Aseguramiento de la Efectividad de Sentencias, 32 LPRA [sic] 1069 a 1084; los Artículos 143 a 169 del antiguo Código de Enjuiciamiento Civil, 32 LPRA [sic] 761 a 787, que prescribían el procedimiento para arresto en los casos civiles; los Artículos 170 a 181 del citado código, 32 LPRA [sic] 811 a 822, sobre recursos provisionales para la reclamación y entrega de bienes muebles y los Artículos 182 a 184, 32 LPRA [sic] 851 a 853, sobre el recurso provisional de sindicatura."* J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil,* San Juan, **Publicaciones J.T.S.,** Vol. II, 1979, pág. 327.