LA SOCIEDAD LEGAL DE GANANCIALES constituida por RAMIRO
GUTIÉRREZ FLORES, ETC., demandantes y peticionarios, *v.*
EMILIO RODRÍGUEZ COLÓN, ETC., demandados y recurridos.

*Número:* O-85-271          *Resuelto:* 28 de junio de 1985

*Marvin Díaz Ferrer,* abogado de los peticionarios; la parte recurrida no compareció.

PER CURIAM: Con motivo de un choque entre dos automóviles, los aquí peticionarios instaron demanda ante el Tribunal Superior por alegados daños y perjuicios. Con el propósito de asegurar la efectividad de la sentencia que pudiera recaer, solicitaron orden para anotar embargo en el Registro de la Propiedad sobre solar y casa del matrimonio demandado, hasta la cantidad de $50,000. Nos solicitan que revisemos

resolución que les requirió prestar fianza por $60,000 como requisito para autorizar el embargo.

El 24 de mayo de 1985 expedimos la siguiente resolución, teniendo en cuenta la naturaleza del remedio solicitado por los demandantes y para evitar que pudiera frustrarse su propósito de asegurar la efectividad de la sentencia que pueda recaer.

> Atendida la petición de epígrafe y al amparo de la Regla 50 de nuestro Reglamento y en auxilio de nuestra jurisdicción se modifica provisionalmente la orden dictada por el Tribunal Superior, Sala de San Juan el 27 de febrero de 1985 y se reduce la fianza a $10,000.00. Esta resolución se dicta sin menoscabo de que continúen los procedimientos ante el Tribunal de instancia, quedando a salvo el derecho de la parte demandada de cuestionar en su día la razonabilidad de la fianza aquí dispuesta.

■ Conforme dispone la Regla 56.1 de Procedimiento Civil, el embargo de bienes es una de las medidas provisionales a que puede recurrir un litigante que ha obtenido o que anticipa ha de obtener una sentencia a su favor y quiere asegurar su efectividad. En el primer caso, es decir, después de sentencia, y en otras circunstancias que no están aquí presentes —véase la Regla 56.3 de Procedimiento Civil— no se requiere la prestación de fianza. En la situación del caso de autos la prestación de fianza es mandatoria como requisito previo al embargo. ([1])

---

([1]) La Regla 56.3 dispone:

"Se podrá conceder un remedio provisional sin la prestación de fianza en cualquiera de los siguientes casos:

"(1) Si apareciere de documentos públicos o privados, según definidos por ley, firmados ante una persona autorizada para administrar juramento, que la obligación es legalmente exigible; o

"(2) Cuando se tratare de un litigante insolvente que estuviere expresamente exceptuado por ley para el pago de aranceles y derechos de radicación y a juicio del tribunal la demanda adujere hechos suficientes para establecer una causa de acción cuya probabilidad de triunfo fuere evidente o pudiere demostrarse, y hubiere motivos fundados para temer, previa vista al efecto, que de no obtenerse inmediatamente dicho remedio provisional, la

■ El propósito de la fianza es, como se expresa en el último párrafo de la citada Regla 56.3, que sea "suficiente para responder por todos los daños y perjuicios que se causen como consecuencia del aseguramiento". Véase *Blatt & Udell* v. *Core Cell*, 110 D.P.R. 142 (1980). Es natural anticipar que el embargo pueda ocasionar daños al dueño o poseedor de los bienes embargados. Lo que parece presentar alguna dificultad es la determinación de la suficiencia de la fianza, es decir, de la cuantía que debe requerirse.

■ En *Vda. de Galindo* v. *Cano*, 108 D.P.R. 277, 282 (1979) expresamos:

> ... Al fijar la fianza para el embargo, el tribunal debe ponderar una serie de factores, entre los cuales pueden sugerirse los siguientes: cuán fundamental es la utilidad que el bien a embargarse sirve al demandado; la solidez de los fundamentos que prima facie sostienen la reclamación del demandante; y si el aseguramiento solicitado es el menos oneroso para garantizar la efectividad de la sentencia que pueda recaer. Todo esto atendiendo el mandato de la Regla 56.3 de estimar los posibles daños que se causarían al demandado y a la exigencia de la Regla 56.1 en cuanto prescribe que se dé consideración a los intereses de todas las partes según lo requiera la justicia sustancial. Mantenemos así un principio antiguo en esta jurisdicción, cual es, que se garanticen los derechos del reclamante de la manera menos

sentencia que pudiera obtenerse resultaría académica porque no habría bienes sobre los cuales ejecutarla; o

"(3) Si se gestionare el remedio después de la sentencia. En caso de que el tribunal conceda el remedio provisional sin la prestación de fianza conforme lo dispuesto en esta regla, podrá excluir en su orden determinados bienes.

"En todos los demás casos, el tribunal exigirá la prestación de una fianza suficiente para responder por todos los daños y perjuicios que se causen como consecuencia del aseguramiento. Un demandado o querellado podrá, sin embargo, retener la posesión de bienes muebles embargados por un demandante o reclamante, prestando una fianza por tal suma que el tribunal estime suficiente para responder por el valor de dicha propiedad. El afianzamiento por el demandado de la suma embargada, dejará sin efecto el embargo."

gravosa para el demandado. *Paz* v. *Bonet,* 31 D.P.R. 68 (1922) ; véase Ley de 1ro. de marzo de 1902, 32 L.P.R.A. sec. 1072. (Escolios omitidos.)

Los factores que de manera general señalamos en *Vda. de Galindo* v. *Cano,* supra, requieren mayor especificación frente a los hechos que ahora atendemos. Son de particular relevancia "la utilidad que el bien a embargarse sirve al demandado" y "los posibles daños que se causarían al demandado".

Mediante el embargo se afecta cierto bien a un proceso, se liga o traba de tal modo que no puede desvincularse de la relación del mismo; ya sea el embargo una mera afección ideal, como en la anotación preventiva de un inmueble, o una afección material como en el apoderamiento u ocupación física de bienes muebles. J. Guasp, *Derecho Procesal Civil,* 3ra ed., Madrid, Instituto de Estudios Políticos, 1977, T. 1, pág. 419. No estuvo planteado en *Vda. de Galindo* v. *Cano,* supra, la diferenciación para la fijación de fianza en las dos especies de embargo.

■ Es incuestionable que de ordinario se causa más daño cuando se priva a un litigante de la posesión de un bien mueble, cuya posesión tiene para él una utilidad inmediata de tipo económico, que cuando meramente se anota un embargo sobre un bien inmueble en el Registro de la Propiedad. En el primer caso hay, como señala Guasp, un apoderamiento físico, que priva de su uso al dueño del objeto embargado y que por lo general trasciende al conocimiento de otras personas con el consiguiente impacto en la reputación y en las relaciones de dicha persona con sus vecinos y relacionados. Ejemplo de ello sería el embargo de un automóvil, que es por lo general objeto de uso diario necesario para su dueño y para su familia. Es de tenerse en cuenta que su posesión por un tercero expone el vehículo a deterioro en manos ajenas, aparte de las molestias que su privación causa a su dueño.

■ En el caso de un inmueble la situación es distinta. El dueño no es privado de su posesión. Y, a menos que se haga

con prohibición de enajenar, su dueño no queda afectado de inmediato en relación con cualquier posible negociación a base de dicho inmueble.

■ De los autos ante nos no se desprende el razonamiento que movió al juez de instancia a fijar en $60,000 el importe de la fianza. La cantidad que en este caso se pretende embargar es $50,000. La única importancia que tendría dicha cuantía al determinar el importe de la fianza sería la dificultad que podría hallar el dueño del bien embargado para levantar el embargo. En el caso de un bien mueble su dueño tendría que prestar fianza por su valor, o por aquella suma que el tribunal considere adecuada teniendo en cuenta las circunstancias atinentes, pero en el caso de un bien inmueble, el afianzamiento por el demandado tendría que ser por la suma embargada. Regla 56.3, último párrafo. Aún así, el embargo de un bien inmueble no priva a su dueño de su posesión, como antes señaláramos, y la cuantía de la fianza siempre estaría sujeta a cambio, de demostrar el demandado que el daño que el mantenimiento del embargo le causa excede el importe de dicha fianza.

■ Debe tenerse presente al fijar la fianza, que su cuantía no sea de tal naturaleza prohibitiva que frustre el propósito del demandante de asegurar la efectividad de la sentencia que en su día pueda recaer. En este caso, conforme indican los peticionarios, el costo de dicha fianza por una compañía fiadora sería de $1,206.

Por los fundamentos expresados, *se expedirá el auto solicitado, y se modificará la resolución recurrida al mantener la fianza en $10,000, sujeta dicha cuantía a revisión por el tribunal de instancia, de hacerse necesaria.*

El Juez Asociado Señor Rebollo López concurre en el resultado sin opinión.