Feliciano Acevedo, Juez Ponente
*690 TEXTO COMPLETO DE LA SENTENCIA
La señora Miriam Rita Rovira recurre de una orden de embargo en aseguramiento de sentencia emitida el 8 de mayo de 2001, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez. Mediante dicha orden, se declaró con lugar una moción en aseguramiento de sentencia presentada por la parte recurrida. A la parte recurrida le ordenó prestar fianza por la suma de $50,000.00 para responder de los daños y perjuicios y, así las cosas, se ordenó el embargo de. bienes propiedad de la parte demandada para responder de la suma de $480,000.00 reclamada en demanda y un crédito adicional, por la suma de $30,000.00 para intereses, costas y desembolsos del pleito.
Por lo fundamentos que exponemos a continuación, se revoca la orden recurrida.
I
El 17 de agosto de 2000, la parte demandante-recurrida presentó demanda en cobro de dinero contra Gustavo Colberg Lugo y la aquí compareciente, Miriam Rita Rovira y la sociedad legal de gananciales compuesta por ambos, por la suma de $444,682.00 de principal más $35,146.58 en intereses, más los intereses que se generen a razón del 8.25% anual por los primeros cinco años a partir de enero de 2000. El 25 de agosto de 2000, la parte demandante presentó una moción solicitando aseguramiento de sentencia con fianza. Sin embargo, en dicha moción no se identificaron los bienes que se deseaba embargar ni se le notificó de la misma a la recurrente. .•
El 28 de septiembre de 2000, el Tribunal de Primera Instancia ordenó a la parte demandante-recurrida prestar una fianza judicial por la suma de $500,000.00 como parte de la solicitud de embargo preventivo en aseguramiento de sentencia. No obstante, el 17 de octubre de 2000, la parte demandante-recurrida presentó una Moción de Reconsideración para que se modificara el monto de la fianza impuesta. Por consiguiente, el Tribunal reconsideró la orden y redujo la misma a $50,000.00. Ni la Moción Solicitando Embargo Preventivo, ni la Moción de Reconsideración fueron notificadas a la recurrente. Luego de varias solicitudes y de una orden del Tribunal, se le notificó de estos trámites. De esto surge que la rebaja de fianza judicial se realizó sin la comparecencia de la peticionaria.
Rovira ofreció a la parte recurrida allanarse a la solicitud de embargo preventivo, siempre y cuando dicha anotación recayera únicamente sobre ciertos bienes propiedad de la sociedad legal de gananciales demandada. Esta gestión se realizó con el objetivo de evitar incurrir en mayores dilaciones y gastos y que se ocasionen daños embargando bienes que no pertenecen a la sociedad legal de gananciales. Esos bienes se identificaron en *691 un listado que fue notificado a la parte adversa. Aún así, la oferta fue rechazada.
El 16 de noviembre de 2000, la peticionaria presentó una Moción en Oposición a que se Expidan Mandamientos de Embargo en Aseguramiento de Sentencia, en la que solicitó una vista de embargo y poder así presentar evidencia sobre los posibles daños que el mismo le pudiera ocasionar. La vista fue señalada para el 12 de enero de 2001. En dicha vista, la recurrente solicitó un señalamiento de bienes que demostrara sobre cuáles recaería el embargo. La vista de embargo nunca se celebró cumpliendo con el debido proceso de ley, por lo que no se pudo presentar evidencia en contra del mismo. El señalamiento de bienes, junto al inventario de bienes muebles a embargar, se presentaron el 15 de marzo del 2001. No obstante, el 29 de marzo de 2001 se presentó una oposición a este señalamiento de bienes y se solicitó el aumento de la fianza judicial. En síntesis, se alegó que la fianza no era suficiente para responder por los posibles daños ocasionados por el embargo, que no se había sometido documento alguno que sustentara la existencia de una deuda exigible contra la peticionaria, que la mayoría de los bienes que figuraban en el inventario no eran parte de la sociedad legal de gananciales, ya que la titularidad estaba en controversia en el pleito de divorcio ante el Tribunal, y que el debido proceso de ley exigía la celebración de una vista de embargo.
Así las cosas, el 8 de mayo de 2001, el Tribunal de Primera Instancia, Sala Superior de Mayagüez. emitió una orden de embargo en aseguramiento de sentencia, pero dicha orden no especificó los bienes muebles objeto del embargo.
El 17 de mayo de 2001, se presentó ante este Tribunal una Moción Solicitando Orden en Auxilio de Jurisdicción en la cual la peticionaria señaló que recibió información del custodio de los bienes en controversia de la intención de la parte recurrida de embargarlos ese mismo día, por lo cual solicitó la paralización de los procedimientos en lo que el Tribunal evaluaba la controversia, además que se declarara nula la orden de embargo emitida por el Tribunal de Primera Instancia, se ordenara la celebración de una vista de embargo y el aumento de la fianza judicial impuesta. En respuesta a esta Moción, este Tribunal ordenó la paralización de forma inmediata de los procedimientos en el caso y le otorgó a la parte recurrida un término de cinco (5) días para mostrar causa por la cual no debía revocar el dictamen del Tribunal recurrido. En su escrito en oposición a la moción en auxilio de jurisdicción, esta parte argumentó que se celebró vista de embargo el 12 de marzo de 2001 en la cual se presentó prueba documental sobre la procedencia del embargo, que la parte peticionaria se allanó al mismo y, por último, que los bienes a embargarse no se encuentran en la Custodia Liges del Tribunal de Primera Instancia por no existir una Orden emitida a esos efectos.
Inconforme con la Orden emitida por el Tribunal de Primera Instancia, el 17 de mayo de 2001, la peticionaria presentó Certiorari e hizo los siguientes señalamientos de error:

"1. Erró el Honorable Tribunal de Primera Instancia al expedir una Orden de embargo preventivo en aseguramiento de sentencia sin la previa celebración de una vista de embargo donde la aquí compareciente tuviera el derecho a ser oída.

2. Erró el Honorable Tribunal de Primera Instancia al expedir una Orden de embargo preventivo en aseguramiento de sentencia sin fijar una fianza suficiente que responda por los daños que pudiera causar el embargo preventivo en aseguramiento de sentencia según solicitado.

3. Erró el Honorable Tribunal de Primera Instancia al emitir una Orden de embargo preventivo en aseguramiento de sentencia que incluye bienes que están en custodia liges en otros pleitos, ante este Honorable Tribunal."

Atendido los planteamientos de las partes y estudiado el expediente y el derecho aplicable, procedemos a revocar la decisión del Tribunal recurrido.
*692 n
La primera alegación de la peticionaria se reduce a que no se le brindó el derecho a ser escuchada en una vista de embargo según dispone el debido proceso de ley y el ordenamiento. Tiene razón. Veamos.
Las Reglas de Procedimiento Civil reconocen el embargo como uno de los remedios que puede dictar un Tribunal para asegurar la efectividad de la sentencia. Hemos establecido que como regla general, en todo caso en que se solicite algún remedio provisional como lo es un embargo y antes de que el Tribunal haga una determinación al respecto, es indispensable que previamente la parte adversa sea notificada y que una vista sea celebrada. Adicionalmente los Tribunales deben exigir la prestación de una fianza. Ramos v. Colón Figueroa, 2001 J.T.S. 33; Rivera Rodríguez & Co. v. Lee Stowell, 133 D.P.R. 881 (1993). La Regla 56.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 56.2, señala que "[n]o se concederá, modificará o anulará, ni se tomará providencia alguna sobre un remedio provisional, sin notificar a la parte adversa y sin celebrar una vista."
Para que la vista satisfaga los requisitos del debido proceso de ley, debe cumplirse con: 1) notificación adecuada del proceso; 2) proceso ante un juez imparcial, 3) oportunidad de ser oído; 4) derecho a contrainterrogar testigos y examinar evidencia presentada en su contra; 5) tener asistencia de abogado, y 6) que la decisión se base en el récord. Rivera Rodríguez & Co. v. Lee Stowell, Id. pág. 889.
Ahora bien, hemos reconocido, como excepción a esa regla, que es permisible que un Tribunal expida una orden de embargo exparte, esto es, sin notificación a la parte adversa y vista previa, siempre que el reclamante preste una fianza suficiente para responder por todos los daños y perjuicios que se pueda causar como consecuencia del aseguramiento. No obstante, la aplicación de . esta excepción sólo tendrá lugar bajo tres supuestos: 1) cuando el reclamante ha alegado o demostrado tener un previo interés propietario sobre la cosa embargada; 2) cuando ha alegado o demostrado la existencia de circunstancias extraordinarias; 3) cuando han alegado o demostrado la probabilidad de prevalecer mediante prueba documental fehaciente de la cual se desprenda que la deuda es líquida, vencida y exigible. Unicamente en estas circunstancias es que un Tribunal podrá posponer la celebración de dicha vista hasta después de trabado el embargo. Rivera Rodríguez v. Stowell, supra, págs. 897, 900.
[L]a existencia de circunstancias extraordinarias pueden justificar una orden de embargo ex parte; ello no significa que un Tribunal puede concluir sin más que existen circunstancias extraordinarias sólo porque una parte lo afirma. El mero acto de aseverarlo no puede ser suficiente justificación para que a una parte se le niegue un derecho de rango constitucional y que se le embargue una propiedad ex parte, máxime cuando la alegación no está provista de evidencia prima facie alguna o, por lo menos, de alguna declaración jurada. Id. pág. 891.
En Connecticut v. Doehr, 501 U.S. 1 (1991), el Tribunal Supremo concluyó que era inconstitucional por privar al demandado de su propiedad sin el debido proceso de ley, una ley de ese estado que permitía que se embargaran bienes del demandado sin conceder al demandado una vista previa mediante una mera declaración jurada del demandante exponiendo hechos que, a su juicio, establecían causa probable para justificar la reclamación de daños y perjuicios.
Somos conscientes de que la celebración de una vista previa impone al litigante interesado en el embargo un costo de tiempo y esfuerzo. Sabemos también que sería más eficiente, quizás, no tener que celebrar una vista; sin embargo, el interés en la eficacia y economía de tiempo, no pueden, en balance, prevalecer sobre el derecho constitucional al debido proceso de ley constitucional, no pretende promover los valores de eficacia, ni pretende proteger todos los valores humanamente deseables o concebibles: pretende proteger los intereses propietarios de las personas contra quienes se solicita embargar. Fuentes v. Shevin, 407 U.S. 67, 90-91 (1972).
En el caso de autos, en la vista que se celebró el 12 de marzo de 2001, no se presentó prueba documental para justificar la solicitud de embargo preventivo, ni se le permitió a la peticionaria presentar prueba en contra *693 del embargo. La misma se limitó a la reproducción de la oferta de allanarse al embargo por ésta, la cual fue rechazada, y a la orden del señalamiento de bienes. Esto significa que la peticionaria no tuvo una vista que cumpliera con los requisitos del debido proceso de ley, por razón de que no pudo ser oída en cuanto a los posibles daños que le ocasionaría el embargo, ni examinó evidencia en su contra. No es correcto que se haya allanado a la solicitud de embargo de los recurridos, ya que presentó una oferta de allanarse al embargo limitada a un listado de bienes que no fue aceptada, por lo que se entiende que la misma fue retirada. A diferencia del codemandado Colberg Lugo, la peticionaria ha cuestionado la procedencia de la demanda en cobro de dinero y ha informado la existencia de un pleito de divorcio entre los codemandados, en el cual se están litigando los biene.s que se incluyen en el Señalamientos de Bienes.
En el caso no están presentes ninguna de las excepciones para que no se celebre una vista de embargo. La parte recurrida no ha demostrado un previo interés propietario sobre la cosa a embargarse, no presentó prueba de la existencia de circunstancias extraordinarias, ni presentó evidencia documental fehaciente demostrando que la deuda es líquida, vencida y exigible.
Por tanto, es necesario la celebración de una vista de embargo que cumpla con todos los requisitos del debido proceso de ley, que se presente prueba en relación al embargo, y entonces así tomar una decisión al respecto.
III
Procede que evaluemos el segundo señalamiento de error. Alega la peticionaria que la fianza impuesta no era suficiente para responder por los daños y perjuicios que le causaría el embargo solicitado. Procede el aumento de la fianza. Veamos.
El primer requisito para obtener una medida provisional es prestar fianza para responder a aquél a quien le vamos a aplicar la medida provisional de los daños que se le causen si después resulta que el reclamante no tenía razón. Blatt v. Core, 110 D.P.R. 142(1980).
Los factores principales para determinar el monto de la fianza son: utilidad del bien a embargarse por el demandado; posibles daños que se causarán al demandado; solidez de los argumentos del demandante; si el aseguramiento solicitado es el menos oneroso para garantizar la efectividad de la sentencia que pueda recaer. Debe tenerse presente que la cuantía no sea tan prohibitiva que frustre el propósito del demandante de asegurar la efectividad de la sentencia que pueda recaer en el pleito. Sociedad de Gananciales v. Rodríguez, 116 D.P.R. 468 (1985); Vda. Galindo v. Cano, 108 D.P.R. 277 (1979).
La Regla 56.3 de Procedimiento Civil, 32 L.P.R.A., Ap. Ill, R. 56.3, indica que:

”[s]e podrá conceder un remedio provisional sin la prestación de fianza en cualquiera de los siguientes casos: 1) [s]i apareciere de documentos públicos o privados, según definidos por ley, firmados ante una persona autorizada para administrar juramento, que la obligación es legalmente exigible; 2) [cjuando se tratare de un litigante insolvente que estuviere expresamente exceptuado por ley para el pago de aranceles de radicación y a juicio del tribunal la demanda adujere hechos suficientes para establecer una causa de acción cuya probabilidad de triunfo fuere evidente o pudiere demostrarse, y hubiere motivos fundados para creer, previa vista al efecto, que de no obtenerse inmediatamente dicho remedio provisional, la sentencia que pudiere obtenerse resultaría académica porque no habría bienes sobre cuales ejecutarla, 3) [s]i se gestionare el remedio después de la sentencia. En todos los demás casos, el Tribunal exigirá la prestación de una fianza suficiente para responder por todos los daños y perjuicios que se causen como consecuencia del aseguramiento."

En este caso, la fianza es mandatoria, ya que no existe ninguna de las situaciones que señala la Regla 56.3 de Procedimiento Civil, supra, para que se conceda el remedio provisional sin fianza.
*694 El Tribunal de Primera Instancia debió considerar los intereses de las partes envueltas. Los demandantes en el pleito de la demanda en cobro de dinero son los padres del codemandado Colberg Lugo. Los codemandados se encuentran separados desde el 1998 y está pendiente el pleito de divorcio. La peticionaria señala una posible colusión entre los recurridos y el codemandado, por razón de que a pesar que éste ha aceptado la alegada deuda y no se ha opuesto al embargo, los recurridos no han realizado gestiones para embargar bienes que estén en su posesión y el equipo médico y de oficina que está en posesión del codemandado no fue incluido como parte del Inventario de Bienes. Además, la peticionaria hizo una oferta para allanarse al embargo sobre unos bienes que eran de fácil acceso y que no le causarían daños y la misma fue rechazada. De esto súrge, que para evitar la posible colusión antes mencionada y que los intereses y derechos de la peticionaria sobre los bienes incluidos en el Inventario sean afectados, era imprescindible analizar los intereses de ambas partes y que la fianza no fuera reducida. Es un caso en el cual hay envuelto una gran suma de dinero y bienes cuya titularidad aún está en controversia.
La fianza de $50,000 impuesta por el Tribunal de Primera Instancia, no es suficiente para responder de los posibles daños y perjuicios que le pueda ocasionar el aseguramiento de la sentencia a la peticionaria. La aceptación de Colberg Lugo de la existencia de la deuda, no es razón suficiente para disminuir el monto de la misma. Por consiguiente, se ordena que se aumente la fianza judicial a la suma, no menor de $500,000.
IV
En cuanto al tercer señalamiento de error, alega la peticionaria que la orden de embargo preventivo contiene bienes que están en custodia liges en otros pleitos ante el Tribunal. Tiene razón. Veamos.
Los bienes que figuran en el Inventario de Bienes sometido por la parte recurrida, en su mayoría, son bienes que no pertenecen a la sociedad legal de gananciales o su titularidad está en controversia y sujetos a pleitos ante el Honorable Tribunal. En la vista de 12 de marzo de 2001, la peticionaria así lo señaló. Muchos de esos bienes se encuentran ante el pleito de divorcio de los codemandados. Los mismos se encuentran bajo la custodia del Ledo. Wigberto Lugo, Síndico del Tribunal de Quiebras, por Orden emitida el 11 de octubre de 2000, por el Juez Jorge Orama Monroig, que está atendiendo el pleito de divorcio. Para evitar que a la Orden no se le diera cumplimiento, la peticionaria presentó una Moción Urgente Solicitando Orden de Auxilio en el pleito de divorcio; por tal motivo el Tribunal de Primera Instancia emitió una orden, el 17 de mayo de 2001, en la cual requirió al custodio de los bienes de la sociedad legal de gananciales la entrega inmediata de los mismos y los consignara en la Secretaría del Tribunal.
Cuando unos bienes se encuentran en custodia y se ha nombrado un síndico, deberán someterse a su autoridad y régimen todas las reclamaciones que afecten los bienes bajo su sindicatura y habrán de cesar los esfuerzos aislados de los acreedores para ejecutar sus créditos por medios propios evadiendo la administración. Cámara de Comerciantes Mayoristas v. Tribunal Superior, 102 D.P.R. 646 (1974).
La Orden de embargo emitida por el Tribunal de Primera Instancia puede afectar el curso de los procedimientos de los pleitos pendientes ante este foro.
Por los fundamentos antes expuestos, se expide el auto y se revoca la orden del Tribunal recurrido.
Lo acordó y manda el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General