# 2006 DTA 21

**TRIBUNAL DE CIRCUITO DE APELACIONES
REGIÓN JUDICIAL DE ARECIBO
PANEL VI**

EFRÉN IRIZARRY COLÓN
Demandante-Recurrido

v.

IRIS DELIA VÉLEZ GONZÁLEZ, ADA NITZA VÉLEZ GONZÁLEZ Y
SU ESPOSO RAMÓN RAMOS TORO Y LA SOCIEDAD LEGAL DE
GANANCIALES CONSTITUIDA POR AMBOS
Demandados-Peticionarios

Núm. KLCE-2005-00459

San Juan, Puerto Rico, a 28 de noviembre de 2005

Panel integrado por su Presidente el Juez Sánchez Martínez,
por la Jueza Fraticelli Torres y por el Juez Martínez Torres

Fraticelli Torres, Jueza Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Recurre ante nos la parte peticionaria, compuesta por Iris Delia Vélez González, Ada Nitza Vélez González y su esposo Ramón Ramos Toro y la sociedad legal de gananciales constituida por ambos (en conjunto, las peticionarias Vélez González). Nos solicita que revoquemos la resolución que autorizó el embargo de una finca ganadera y de una cuota de cuartillos de leche para asegurar la sentencia que pudiera recaer en el pleito de autos en favor de la parte demandante y recurrida, Lcdo. Efrén Irizarry Colón (Lcdo. Irizarry Colón). La resolución apelada también denegó a las peticionarias Vélez González, quienes reconvinieron al Lcdo. Irizarry Colón, el embargo en aseguramiento de su reclamación.

### I

Los hechos relevantes del recurso de autos se originan en el contrato de servicios profesionales que suscribieron las peticionarias Vélez González y el recurrido, Lcdo. Irizarry Colón, para que éste las representara en el pleito de partición de herencia del señor Prudencio Vélez, padre de las peticionarias. Las partes acordaron que el Lcdo. Irizarry Colón cobraría honorarios contingentes equivalentes al 12% de la participación hereditaria que finalmente se adjudicara a las peticionarias. (Demanda; Apéndice del recurso, a las págs. 3-9.)

El proceso divisorio concluyó mediante contrato de transacción entre los coherederos, que se elevó a escritura pública. Posteriormente, el Lcdo. Irizarry Colón realizó gestiones para cobrar sus honorarios. ■ Sin embargo, las peticionarias alegaron que no estaban conformes con los servicios profesionales del Lcdo. Irizarry Colón y se negaron a pagar la cantidad reclamada por él. Ese *impasse* entre las partes provocó que el Lcdo. Irizarry Colón interpusiera la demanda de cobro de dinero contra las peticionarias.

En el ínterin, las peticionarias instaron una querella contra el Lcdo. Irizarry Colón ante la Comisión de Ética del Colegio de Abogados de Puerto Rico. En esencia, las peticionarias alegaron que el Lcdo. Irizarry Colón las presionó durante el manejo del caso y que se había comprometido a reducir sus honorarios y no lo hizo. La Comisión se declaró sin jurisdicción para ajustar los honorarios del abogado querellado y no encontró causa probable sobre violación alguna a los cánones de ética profesional de la práctica de la abogacía.

Las peticionarias acudieron, entonces, a la Oficina del Procurador General para presentar otra querella contra el abogado. En esa segunda ocasión, las peticionarias adujeron que firmaron el contrato de servicios

profesionales sin entender la manera en que se calcularían los honorarios del Lcdo. Irizarry Colón, que el contrato era confuso y que el recurrido no seguía sus instrucciones. No obstante, el Procurador General concluyó *"que no se justifica[ba] el inicio de un procedimiento disciplinario en contra del querellado."* (Informe del Procurador General de 28 de julio de 2004; Apéndice del recurso, a las págs. 36-41.)

Mientras, en el escenario judicial, el Lcdo. Irizarry Colón presentó la solicitud de embargo preventivo que se impugna en el caso de autos. El Tribunal de Primera Instancia celebró la vista para considerar el aseguramiento y fijar la correspondiente fianza. Ambas partes asistieron representadas por sus respectivos abogados. Durante el proceso, el abogado de la parte recurrida interrogó a la peticionaria Iris Delia Vélez González respecto a los bienes sobre los que interesaba trabar el embargo. Surge de la resolución recurrida que la peticionaria declaró que *"ella y su hermana no tenían intención de enajenar el bien inmueble a embargarse ni la cuota de leche, por lo que el embargo no afectaba significativamente el interés propietario de las demandadas en dichos bienes"*. Dieron a entender que los bienes señalados les pertenecían. (Resolución y Orden de 16 de febrero de 2005; Apéndice del recurso, a las págs. 40-50.)

El tribunal admitió el Informe del Procurador General como parte de la prueba del recurrido para establecer la posibilidad de éxito de la causa de acción incoada contra las peticionarias, y a base de la prueba presentada concedió el embargo preventivo solicitado a favor del Lcdo. Irizarry Colón. Le fijó una fianza de $25,000, que fue la cantidad ofrecida por el propio recurrido. (Resolución y Orden de 16 de febrero de 2005; Apéndice del recurso, a las págs. 40-50.)

Inconformes, las peticionarias solicitaron la reconsideración de la orden de embargo y determinaciones adicionales de hechos y de derecho. En esa ocasión requirieron al tribunal que se expresara sobre la solicitud de embargo preventivo que ellas habían presentado. ▪ El tribunal, sin embargo, declaró improcedente el embargo a favor de ellas en dos ocasiones. De esa determinación acuden ante nos. (Véanse la Solicitud de Reconsideración de 11 de marzo de 2005, Apéndice del recurso, a las págs. 51-55; y las notificaciones de 15 de marzo y 6 de abril de 2005; Apéndice del recurso, a las págs. 56 y 61.)

Antes de presentarse el recurso de autos, el Lcdo. Irizarry Colón prestó la fianza de $25,000 y solicitó que se expidiera el mandamiento de embargo dirigido al Registrador de la Propiedad, Sección de Arecibo, para proceder a su anotación conforme a derecho, gestión que el foro de primera instancia autorizó. (Moción sometiendo documento de fianza de 28 de marzo de 2005; Notificación de 6 de abril de 2005; Apéndice del recurso, a las págs. 59-60; 62, respectivamente.)

Luego de varios incidentes procesales, —una orden para mostrar causa dirigida a la parte recurrida, el Lcdo. Irizarry Colón, la paralización de los procedimientos en el Tribunal de Primera Instancia, y la suspensión de la inscripción de las órdenes de embargo en el Registro de la Propiedad y en la Oficina de Reglamentación de la Industria Lechera—, la petición quedó sometida ante nos para su resolución.

En el proceso, se unieron al expediente dos mociones del recurrido, Lcdo. Irizarry Colón. En la primera nos pidió que tomáramos conocimiento de algunos datos importantes sobre el estado registral de los bienes sobre los que se constituyó el embargo, situación que afectaba significativamente la resolución recurrida y el recurso discrecional En la segunda nos solicitó que dejáramos sin efecto la orden de paralización, para poder continuar el descubrimiento de prueba. La parte peticionaria no refutó el contenido de la primera moción ni se opuso oportunamente a esta segunda solicitud, por lo que concedimos el remedio interlocutorio. La orden de paralización se limitó a los embargos en aseguramiento de sentencia aludidos.

El recuento procesal reseñado es importante porque la información suministrada por la parte recurrida no fue cuestionada o rebatida por las peticionarias Vélez González, aunque incide significativamente en los méritos de la petición de autos y afecta el remedio al que tienen derecho ambas partes en esta etapa del proceso.

## II

Las peticionarias Vélez González aducen que el foro recurrido incidió: (1) al resolver que la parte demandada no presentó ninguna prueba de solicitud de embargo, en aseguramiento de la sentencia que pudiera recaer por la reconvención; (2) al no permitir durante la vista celebrada para ventilar la solicitud de embargo del demandante, que la parte demandada [y reconviniente] presentara su prueba; (3) al determinar que el abogado de la parte demandante podía notificar sus escritos directamente a las demandadas, aunque tenían representación legal; (4) al aceptar las determinaciones contenidas en el Informe de la Oficina del Procurador General sobre una querella que ellas habían presentado contra el demandante, como prueba para conceder el embargo preventivo solicitado por la parte demandante, lo que violó su derecho al debido proceso de ley garantizado por la Constitución del Estado Libre Asociado de Puerto Rico; y (5) al concluir en la resolución recurrida que el embargo preventivo no afectaba significativamente el interés propietario de las demandadas en los bienes afectados.

Por otra parte, los tribunales apelativos tienen facultad inherente para considerar y resolver errores patentes que surjan de un recurso, aun cuando los mismos no hayan sido traídos a su consideración. Ello quiere decir que, al considerar los errores señalados por las peticionarias, hemos de atender las cuestiones que realmente están en controversia, según las constancias del expediente, aunque no hayan sido articuladas por ellas. Como foro apelativo tenemos *"la obligación de velar porque se haga justicia a aquella parte que, de acuerdo a nuestro más sano criterio, tiene derecho a ella"*. *Hernández Hernández v. Espinosa*, 145 D.P.R. 248, 264-265 (1998), que sigue la norma sentada en *López v. I.T.T. Intermedia, P.C.*, 142 D.P.R. __, ___ (1997); *Vega v. Yiyi Motors*, 146 D.P.R. 373, ___; *Ríos Quiñones v. Adm Servs. Agrícolas*, 140 D.P.R. 868, ____ (1996); *Rodríguez Cruz v. Padilla Ayala*, 125 D.P.R. 486, ___ (1990).

Hecha esta salvedad, pasamos a considerar la cuestión jurídica medular que presenta el caso de autos, aunque no fue articulada adecuadamente por las peticionarias: si procedía ordenar un embargo sobre bienes que no pertenecen propiamente a las hermanas demandadas y peticionarias, sino a una corporación que ellas constituyeron y a la cual alegadamente le transfirieron, mediante permuta, los bienes sobre los cuales se ordenó la anotación de embargo. Lo interesante de este planteamiento es que *fue traído de manera solapada* ante el Tribunal de Primera Instancia por las partes peticionarias, con la aparente intención de retrasar la imposición de la medida provisional, aunque sin divulgar ellas la información. Este comportamiento tiene sus efectos importantes en la disposición de este recurso.

Luego de discutir este error, hemos de considerar los señalados por la parte peticionaria. De éstos, los que realmente atañen al embargo preventivo autorizado por las resoluciones recurridas son el cuarto y el quinto error, que tratamos conjuntamente. Los dos primeros errores se refieren a la denegatoria del embargo alegadamente solicitado por las peticionarias y el cuarto error a una cuestión ética que trataremos en último lugar.

### A. La validez del embargo en aseguramiento de sentencia sobre bienes que no pertenecen a las peticionarias

La Regla 56 de Procedimiento Civil regula los criterios que deben cumplirse para la concesión de remedios provisionales durante el litigio, previa solicitud de parte. 32 L.P.R.A. Ap. III, R. 56; *General Electric v. Concessionaires, Inc.*, 118 D.P.R. 32, 43-44 (1986); *Sociedad de Gananciales v. Rodríguez*, 116 D.P.R. 468, 470 (1985). El reclamo de aseguramiento tiene que notificarse a la parte demandada y concederse luego de la vista señalada para dirimir la procedencia del remedio. 32 L.P.R.A. Ap. III, R. 56.2; *Ramos y otros v. Colón y otros*, res. el 6 de marzo de 2001, 153 D.P.R. ___ (2001), **2001 J.T.S. 33**, a la pág. 957. En el caso de autos se celebró la vista y tuvieron ambas partes oportunidad de presentar prueba a su favor y refutar la del adversario.

Particularmente, la Regla 56.1 permite a la parte demandante presentar la solicitud de embargo de fondos en posesión de un tercero, la prohibición de enajenar o la reclamación y entrega de bienes muebles, entre otros

remedios, "*para asegurar la efectividad de la sentencia*" que pueda recaer a su favor. 32 L.P.R.A. Ap. III, R. 56.1. Aunque, como cuestión de derecho, una acción en cobro de dinero, como la del caso de autos, no requiere que el deudor tenga bienes con los cuales responder al recaer la sentencia, la regla protege el interés del acreedor sobre el patrimonio general del deudor para el caso en que prevalezca en la acción de cumplimiento. Por tanto, "*es perfectamente lícito que un acreedor recurra a una medida cautelar como lo es el embargo, para proteger sus derechos y evitar que la sentencia obtenida se torne inoficiosa*". *Puerto Rico Production Credit Association v. El Registrador*, 123 D.P.R. 231, 247-248 (1989).

Cuando se trata del embargo de bienes inmuebles, se ordenará la anotación en el Registro de la Propiedad y su correspondiente notificación a la parte afectada. El embargo preventivo de los bienes muebles se ajustará a su particular naturaleza y a la legislación especial que los regule. 32 L.P.R.A. Ap. III, R. 56.4; *Hernández Cañete v. Procesadora Montebello, Inc.*, 114 D.P.R. 289, 293-294 (1983). Tal anotación de embargo, sin embargo, *tiene que hacerse sobre bienes del deudor, no de terceros*. Esto es así, porque "*tiene como fin asegurar el crédito de un acreedor del titular del bien inscrito*", aunque no afecte "*de modo alguno el título del derecho inscrito*". *Pérez Mercado v. Martínez Rondón*, 130 D.P.R. 134, 151 (1992).

Cónsono con los objetivos de este remedio, se ha reconocido que ante una demanda en cobro de dinero por honorarios de abogados contingentes, cuya cuantía todavía se desconoce, no procede el aseguramiento *sin la celebración de vista previa y notificación a los demandados*. Acorde con las limitaciones antes mencionadas, es indispensable que, al momento de solicitarse el aseguramiento, exista una reclamación exigible a favor del abogado demandante. Véase a José A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, Tomo III, **Publicaciones JTS**, 2000, pág. 153; *Ramos y otros v. Colón y otros*, **2001 J.T.S. 33**, a la pág. 959.

En el caso de autos, el tribunal recurrido, luego de escuchar la prueba, concluyó que la deuda cumplía los criterios necesarios para justificar la anotación de embargo. No hemos de intervenir con su determinación sobre ese hecho, ya que procuró proteger el interés eventual del demandante, no adjudicar la reclamación en sus méritos. Del expediente se desprende que las peticionarias fueron notificadas de la vista, comparecieron representadas por su abogada, tuvieron oportunidad de ser oídas, mas no utilizaron su derecho a contrainterrogar o presentar prueba a favor de las alegaciones que nos aducen en el recurso. El problema de la decisión recurrida es otro: la anotación sobre bienes que no pertenecen a las demandadas, aunque tengan interés propietario en ellos.

Como dijimos, aparentemente las peticionarias le llamaron la atención al tribunal recurrido sobre el hecho de que el Lcdo. Irizarry Colón, como demandante, debía probar la titularidad verdadera de los bienes sobre los cuales pedía la anotación de embargo, mediante la presentación de certificaciones registrales. Así surge de la petición de *certiorari* y de las mociones presentadas al tribunal *a quo*. (Véase, por ejemplo, Apéndice del recurso, págs. 27-29.)

El argumento no fue considerado por el tribunal recurrido y revivió en apelación con efectos importantes sobre la resolución recurrida. Iniciado el proceso apelativo, el recurrido se percató de que las partes demandadas no eran las titulares de la finca embargada, sino la corporación Prudo Vélez Hijas, Inc., según las constancias del Registro de la Propiedad. Aparentemente, la cuota de cuartillos de leche también fue enajenada a favor de la misma corporación, como afirma en sus escritos ante nos, luego de recibir la información de la Oficina de Reglamentación de la Industria Lechera.

Las peticionarias no refutaron ante nos las alegaciones de la parte recurrida. Si los señalamientos son correctos, ello explica las alegaciones hechas por las partes peticionarias respecto a la necesidad de que la parte demandada demostrara la titularidad de la finca y de la cuota de leche, antes de solicitar su embargo. Su reticencia durante la vista, sin embargo, no abona positivamente su causa, pues si les constaba que ya habían enajenado, mediante permuta, la finca y la cuota a cambio de acciones por igual valor, así debieron informarlo

al tribunal el día de la vista. Nos llama la atención que la abogada de las peticionarias es alegadamente la agente residente de la corporación; si lo es efectivamente, conocía la situación y no la informó al tribunal.

Es muy significativo que en la vista, una de las peticionarias *"manifestó que en el futuro cercano ella y su hermana no tenían intención de enajenar el bien inmueble a embargarse ni la cuota de leche, por lo que el embargo no afecta significativamente el interés propietario de las demandadas en dichos bienes."* Esa afirmación era inconsecuente, si ellas ya habían permutado los bienes señalados a una entidad con personalidad jurídica distinta, la corporación Prudo Vélez Hijas, Inc. (Véase la Resolución y Orden de 16 de febrero de 2005; Apéndice del recurso, a las págs. 45-50.)

Tienen razón las peticionarias al señalar que un tribunal apelativo no puede *admitir prueba* que no se haya presentado ante el Tribunal de Primera Instancia. *"El recurso tiene que resolverse en virtud de los autos que se elevan ante el tribunal de apelación. No es dable que el tribunal considere materia que no se encuentra en los autos que tiene ante su consideración"*…. *"Sin embargo, el tribunal apelativo puede tomar conocimiento judicial de hechos que no hayan sido objeto de tal conocimiento por el tribunal apelado"*, sobre todo, cuando traen germen de los planteamientos velados e inconclusos que fueron efectivamente presentados ante el tribunal *a quo. Rivera Meléndez v. Algarín Cruz*, res. el 14 de mayo de 2003, \_\_\_D.P.R.\_\_\_\_ (2003), **2003 J.T.S. 80**, a la pág. 1015, que cita con aprobación a Rafael Hernández Colón, *Derecho Procesal Civil*, Michie of Puerto Rico, Inc., 1997, Cap. 51, Secs. 5112 – 5113, pág. 327.

Nuestro Tribunal Supremo ha pautado como norma que *"[e]l contenido de eticidad de cada acto deberá examinarse a la luz de sus circunstancias particulares, pero el comportamiento conforme a la buena fe es precepto general que abarca toda actividad jurídica." Velilla v. Pueblo Supermarkets, Inc.*, 111 D.P.R. 585, 587-588 (1981); *Catalytic Ind. Maint. Co. v. FS.E.*, 121 D.P.R. 98, 112-113 (1988); *Ramírez v. Club Cala de Palmas*, 123 D.P.R. 339, 346 (1989). En este caso, la reticencia de las peticionarias dejó de ser arma estratégica en el litigio para convertirse en obstáculo innecesario e irrazonable del proceso.

En *Berríos v. U.P.R.*, 116 D.P.R. 88 (1985), el Tribunal Supremo señaló que un demandado ni su abogada vienen obligados a proveer información a un demandante para proteger su causa de acción. Sin embargo, advirtió que la negación de hechos sustanciales, al contestar una demanda, no puede estar predicada en evasiones u ocultaciones que frustren la causa de acción de la otra parte. Dijo, además, que la parte demandada no puede negar una alegación por falta de información o conocimiento cuando se trata de un hecho que le consta de propio y directo conocimiento. *Berríos v. U.P.R.*, 116 D.P.R., a las págs. 95-96. Aunque esas directrices se dieron en el contexto de la contestación a la demanda, aplican al caso de autos con igual efecto y propiedad. Las peticionarias tenían la obligación de identificar los bienes de su patrimonio, para que el demandante hiciera efectiva su anotación de embargo. Cuando conocieron que los bienes señalados por el Lcdo. Irizarry Colón no les pertenecían, ya que alegadamente fueron enajenados por ellas a favor de una corporación, con personalidad jurídica propia, así debieron informarlo al tribunal, como defensa o como deber implícito de la contienda judicial.

Ya se ha dicho que el proceso judicial no es un juego de litigantes. *Serra v. Autoridad de Transporte*, 68 D. P.R. 626, 629-630 (1948). Los abogados *"deben entender que la litigación en nuestra jurisdicción no constituye una 'lidia deportiva' donde prevalece el más hábil y el más listo'. Ante los tribunales de justicia de Puerto Rico, se comparece de buena fe y, siempre, con la verdad". Correa v.* Marcano, 139 D.P.R. 856, 867 (Rebollo López, J., concurriendo). Lo que reclaman las peticionarias al nivel apelativo bien se pudo lograr ante el juzgador de hechos en un proceso que, por su naturaleza preliminar, debió ventilarse rápida y diligentemente por todas las partes en disputa.

Resolvemos devolver el asunto al tribunal recurrido para que pase juicio sobre la titularidad de los bienes sobre los cuales ordenó el embargo preventivo. Si efectivamente pertenecen a una corporación, de la cual las

demandadas son accionistas, procedería el embargo de las acciones que les pertenecen individualmente, no así el embargo de los terrenos o de la cuota de leche, como ordenó la resolución recurrida, porque la propietaria, la corporación, no es parte demandada en el pleito.

Ello es así, porque *"una corporación, como creación artificial de la ley, es distinta de sus miembros o accionistas. La individualidad de éstos desaparece y es absorbida por el capital social y ellos no son ni privada ni conjuntamente dueños de su propiedad. Se ha llegado a decir por las autoridades que ni una parte ni todas las personas naturales que componen una corporación o quienes sean dueños del capital social o controlen sus negocios, son la corporación misma y si un sólo individuo forma una corporación, él mismo no es la corporación: en tales casos, el hombre es una persona y la corporación es otra"*. Art. 27, Código Civil de Puerto Rico, 31 L.P.R.A. sec. 101; *Dennis, Metro Invs. Corp., v. City Fed. Savs.*, 121 D.P.R. 197, 209-210 (1988), que sigue la norma sentada en *Sabalier v. Iglesias*, 34 D.P.R. 352, 359 (1925). Ver, además, Art. 1.06 de la Ley General de Corporaciones, Ley 144 de 10 de agosto de 1995, 14 L.P.R.A. sec. 2606; *Swigget v. Swigget, Inc.*, 55 D.PR. 76 (1939); *D.A.C.O. v. Alturas de Florida Dev. Corp.*, 132 D.P.R. 905 (1993).

Cuando un accionista es deudor del demandante en su plano personal, puede éste embargarle las acciones que tenga en la corporación, porque son parte del patrimonio pasivo sujeto a la medida de aseguramiento. En el caso de autos, si las peticionarias son accionistas de la corporación Prudo Vélez Hijas, Inc., las acciones que posean están sujetas al embargo preventivo. Ley General de Corporaciones, Art. 12.03 (A) y (B), 14 L.P.R.A. sec. 3128 (a); Carlos E. Díaz Olivo, *Corporaciones*, San Juan, págs. 297-298.

Por otra parte, aunque el embargo, por sí sólo, no despoja de su posesión al demandado ni afecta su título, si el embargo conlleva la prohibición de enajenar, puede afectar, sin duda, la posible negociación futura del bien. *Soc. de Gananciales v. Rodríguez*, 116 D.P.R. 468, 472-473 (1985). Con ese propósito, la Regla 56.3, 32 L.P.R. A. Ap. III, R. 56.3, también permite a la parte demandada, dueña del bien embargado, prestar una fianza para liberar el bien del gravamen, ya se trate de un bien mueble o inmueble. Esta fianza deberá ser suficiente para responder por el valor del bien, cuando se trate de un bien mueble; o igual a la suma embargada cuando se trate de bienes inmuebles, *Soc. de Gananciales v. Rodríguez*, 116 D.P.R., a la pág. 473.

No olvidemos que el propósito del afianzamiento por parte del demandante es *"garantizar que el dueño de los bienes embargados pueda recobrar los daños cuando exista la posibilidad de que el embargo pueda resultar ilegal o indebido"*. *Blatt & Udell v. Core Cell*, 110 D.P.R. 142, 146 (1980); *U. Sur. & Ind. Co. v. Villa et al.*, res. el 13 de abril de 2004, 161 D.P.R. ____ (2004), **2004 J.T.S. 65**, a las págs. 914-915.

El Tribunal Supremo ha delineado los criterios que deben guiar al tribunal sentenciador para evaluar la suficiencia de la fianza prestada por un demandante; es decir, para un embargo en aseguramiento de sentencia. Estos criterios son: *"(1) la utilidad que el bien a embargarse sirve al demandado; (2) la solidez de los fundamentos de la reclamación del demandante; (3) si el aseguramiento solicitado es el menos oneroso para garantizar la efectividad de la sentencia que pueda recaer, y (4) los posibles daños que se causarían al demandado."* *Vda. De Galindo v. Cano*, 108 D.P.R. 277, 282 (1979). No obstante, la fianza no debe ser por una cuantía *"prohibitiva que frustre el propósito del demandante de asegurar la efectividad de la sentencia que en su día pueda recaer."* *Soc. de Gananciales v. Rodríguez*, 116 D.P.R., a la pág. 473.

Al resolver que no procedía conceder ni ordenar la anotación del embargo trabado sobre los terrenos y la cuota de leche si no pertenecían a las peticionarias, no hay necesidad de considerar la adecuación de la exigua fianza fijada en el caso. No obstante, se advierte a las partes que, si el embargo afecta el interés propietario del demandado sobre el bien embargado, el demandante o reconviniente debe prestar una fianza suficiente para responder por los daños y perjuicios que pueda sufrir el demandado o el reconvenido como consecuencia del aseguramiento. 32 L.P.R.A. Ap. III, R. 56.3; *Vda. de Galindo v. Cano*, 108 D.P.R., a las págs. 281-283; *West India Oil Co. v. Soto, Juez*, 44 D.P.R. 533, 537 (1933). Disponemos, así, de los errores cuarto y quinto. Este

pronunciamiento también dispone del error tercero relativo al Informe del Procurador General como prueba para conceder el embargo.

## B. El aseguramiento a favor de las peticionarias

Aducen las peticionarias que existe la posibilidad de que el Lcdo. Irizarry Colón pueda disminuir su patrimonio y ellas no puedan hacer efectiva la reconvención. Incluso, acompañaron su solicitud con estudios de título sobre los bienes del recurrido, para demostrar que éste ha realizado actos de enajenación, alegadamente con el fin de disminuir su patrimonio. (Dúplica a Réplica y Moción Informativa; Apéndice del recurso, a las págs. 27-35.)

El recurrido, sin embargo, arguye que las peticionarias tuvieron oportunidad de hacer tal planteamiento en la vista para dilucidar el aseguramiento promovido por él, mas no aprovecharon la oportunidad. Específicamente señaló que, de la moción titulada "*Dúplica a Réplica y Moción Informativa*", no puede concluirse que las peticionarias solicitaron el aseguramiento a su favor.

Una lectura de la moción, sin embargo, nos lleva a otra conclusión. En ese escrito, las peticionarias Vélez González solicitaron afirmativamente el aseguramiento de la reconvención mediante el embargo preventivo de los bienes del demandante reconvenido. De tres páginas que tiene la dúplica, dos se dedican a la solicitud de embargo. Como señalamos previamente, también acompañaron documentos en apoyo a su solicitud. Debió el tribunal atender el reclamo que se hizo en la súplica de ese escrito. Debemos recordar que toda alegación debe interpretarse con el propósito de hacer justicia, sin atender a su denominación. Aunque las peticionarias no hicieron alusión a su solicitud de embargo *en el título* de la mencionada moción, la súplica del escrito es clara y precisa: "*solicitamos que se anote embargo preventivo a favor de la parte demandada como parte de asegurar una sentencia que en el futuro pudiéramos obtener a nuestro favor conforme a nuestra reconvención.*" (Dúplica a Réplica y Moción Informativa; Apéndice del recurso, a la pág. 28.)

Así pues, tomando en consideración lo que hemos expuesto, resolvemos que el foro primario incidió al no atender la petición de aseguramiento de sentencia presentada por las peticionarias. Debió citar a las partes a una vista para considerar ese remedio provisional. Por tanto, en aras de la economía procesal, el tribunal *a quo* puede dilucidar el embargo preventivo peticionado por las hermanas Vélez González en la vista en la que se ventile la procedencia del embargo del recurrido sobre los bienes aludidos, a menos que entienda que es prudente hacerlo en una vista separada. Disponemos así de los errores primero y segundo.

## C. La notificación de los escritos judiciales entre las partes

Alegan las partes peticionarias que incidió el foro recurrido al determinar que el abogado de la parte demandante podía notificar sus escritos directamente a las demandadas, aunque tenían representación legal. Las peticionarias nos traen un planteamiento que aborda tanto el aspecto ético de la práctica de la abogacía como el aspecto procesal de un pleito. Aunque los tribunales de primera y segunda instancia no tienen facultad para atender y dirimir quejas relacionadas con la conducta ética de los abogados, pueden ejercer su autoridad inherente para controlar el comportamiento de los representantes legales de las partes, si inciden de manera negativa en el proceso.

El tribunal *a quo* declaró que el Lcdo. Bravo Abréu no violó ningún canon de ética al notificar un escrito directamente a la parte demandada, porque también notificó a su representante legal, la Lcda. Elaine Rodríguez Frank. (Resolución y Orden de 16 de febrero de 2005; Apéndice del recurso, a las págs. 40-50.) El planteamiento esencial, sin embargo, debió circunscribirse a determinar si procedía ordenarle al Lcdo. Bravo Abreu que se abstuviera de notificar directamente a la parte, porque esa conducta no estaba autorizada por las reglas procesales.

La Regla 67.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 67.1, impone a los abogados y abogadas la obligación de notificar los escritos judiciales a la parte adversa. ■ Asimismo, la Regla 67.2, 32 L.P.R.A. Ap. III, R. 67.2, señala que la manera apropiada en que debe hacerse la notificación a una parte que está representada por abogado es a través de ese abogado. ■ La resolución recurrida, sin embargo, fundamentó su decisión en que *"ahora se requiere que se de la dirección de las partes en el primer escrito que se presente para poder notificarle cualquier Orden o escrito que sea pertinente al caso"*. Regla 21 del Reglamento del Tribunal de Primera Instancia, 4 L.P.R.A. Ap. II-B, R.21. Por tanto, según el foro primario, la actuación del abogado fue correcta: *"no violó ningún Canon de Ética al notificar a la parte demandada directamente de su escrito señalando los bienes que se propone embargar"*. (Resolución y Orden de 16 de febrero de 2005; Apéndice del recurso, a las págs. 40-50.)

La Regla 21 del Tribunal de Primera Instancia, sin embargo, no resuelve la controversia en cuestión. El propósito de esa regla es promover una mejor y más eficiente comunicación del tribunal con las partes, *no entre las partes*. Es decir, sirve para notificarles órdenes o resoluciones que puedan, de alguna manera, afectar sus derechos o reclamos. El abogado del recurrido, Lcdo. Bravo Abréu, notificó el escrito de señalamiento de bienes para embargo directamente a las peticionarias Vélez González, a pesar de que éstas tenían una abogada. Aunque el Lcdo. Bravo Abréu también notificó a la Lcda. Rodríguez Frank, es claro que la notificación a la parte fue contraria a las reglas procesales. Notamos que el tribunal nunca autorizó esa notificación, según disponen las reglas, y que las peticionarias imputaban a la parte recurrida que ejercía presión indebida sobre ellas. Incidió el foro primario al permitir que el abogado de la parte demandante notificara directamente su escrito a la parte demandada. En lo sucesivo, el Lcdo. Irizarry Colón y su abogado, el Lcdo. Bravo Abréu, se abstendrán de enviar comunicaciones a las partes directamente, mientras estén representadas por su abogada o abogado.

## III

Por los fundamentos expuestos, se expide el auto solicitado, se anulan los mandamientos de embargo expedidos y se modifica la resolución recurrida para dejar sin efecto la orden de anotación sobre la finca ganadera situada en el Barrio Dominguito de Arecibo y la cuota de 17,232 cuartillos de leche.

Se ordena al Tribunal de Primera Instancia que celebre una vista para determinar la titularidad de los bienes señalados por el demandante recurrido, Lcdo. Irizarry Colón, como pertenecientes a las peticionarias Vélez González, específicamente la finca ganadera y la cuota de cuartillos de leche. Si tales bienes fueron efectivamente permutados a la corporación Prudo Vélez Hijas, Inc., deberá permitir que el recurrido señale otros bienes en el patrimonio de las peticionarias, incluidas las acciones que ellas puedan poseer en esa entidad corporativa, para trabar el embargo. No tiene el demandante y recurrido que demostrar nuevamente la probabilidad de éxito de su causa de acción ni la procedencia de su solicitud de aseguramiento de sentencia.

Además, el tribunal dará a las peticionarias Vélez González la oportunidad de demostrar que procede concederles el embargo preventivo sobre los bienes del demandante y recurrido, Lcdo. Irizarry Colón, en aseguramiento de la sentencia que pueda recaer contra él, por virtud de la reconvención.

En cuanto a las fianzas que puedan imponerse a una y a otra parte, el tribunal deberá establecer cuantías que se ajusten a los criterios que establece la Regla 56.3 de Procedimiento Civil, según el propósito de la garantía —trabar o levantar el embargo—, así como la naturaleza y el valor de los bienes embargados.

Notifíquese de inmediato por la vía ordinaria.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal.

Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones